EDELSBERG LAW, P.A.
Scott Edelsberg (SBN 330990)
scott@edelsberglaw.com
1925 Century Park E #1700
Los Angeles, California 90067
Telephone: (310) 438-5355

*Attorneys for Plaintiffs and the Proposed Classes*

*(Additional Attorneys Listed on Signature Page)*

Kevin Minnick (SBN: 269620)
kminnick@spertuslaw.com
Spertus Landes & Josephs LLP
617 West 7th Street, Suite 200
Los Angeles, CA 90017
Tele No.: (213) 205-6520
Fax No.: (213) 205-521

BOWMAN AND BROOKE LLP
Vincent Galvin (SBN: 104448)
Vincent.galvin@bowmanandbrooke.com
Lauren O. Miller (SBN: 279448)
Lauren.Miller@bowmanandbrooke.com
1741 Technology Drive, Suite 200
San Jose, California 95110
Tel No.: (408) 279-5393
Fax No.: (408) 279-5845

Attorneys for Defendant
Toyota Motor Sales, U.S.A., Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ELLIOT NAZOS, CHRISTINE BLIGHT, JEFFREY COCHRAN, JACK PERRY, BRIAN AND BARBARA SAUNDERS, PATRICIA LOUGHNEY, EMILY BARBOUR, THOMAS PASTORE, TIMOTHY AND DAWN DOTSON, JILL SILVERNALE and KYLE BLUMIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>Defendant. | Case No. 2:22-cv-02214-PA(Ex)<br><br>**STIPULATED AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL TREATMENT OF DISCOVERY MATERIALS**<br><br>Assigned to: Hon. Percy Anderson |

Plaintiffs and Defendant Toyota Motor Sales, U.S.A, Inc. ("Toyota") (collectively, "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order Regarding Confidential Treatment of Discovery Materials (hereinafter "Stipulated Protective Order") as follows:

IT IS HEREBY STIPULATED, subject to the approval of the Court that:

1. In connection with discovery proceedings in this Action, the Parties may designate any document, thing, material, discovery responses, depositions, deposition exhibits, testimony or other information derived therefrom, including notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of such information or materials (hereinafter "Discovery Materials"), as "Confidential" or "Highly Confidential" under the terms of this Protective Order (hereinafter "Order") if the Producing Party in good faith reasonably believes that such Discovery Materials contain non-public, confidential, personal, proprietary, or commercially sensitive information that requires protections provided in this Order. Confidential Material and Highly Confidential Material are collectively defined as "Covered Information."

   a) For purposes of this Order, information considered to be "Confidential Material" includes any information that a Party believes in good faith to be confidential or sensitive non-public information, including but not limited to, research, design, development, financial, technical, marketing or planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G), as well the following categories of sensitive personal information of individuals:

      i. Social Security Number, name, address, telephone number, personal email address, drivers' license number, date of birth,

1

Vehicle Identification Number (VIN), financial account numbers, credit card numbers, bank routing numbers, license plate number, police report numbers, insurance claim numbers, and/or towing claim numbers.

b) For purposes of this Order, "Highly Confidential Material" shall include, but is not limited to Confidential Material as defined herein, which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. Certain information may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the Parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

2. Covered Information shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party. With respect to documents or materials containing Covered Information produced in Native Format, the Producing Party shall include the highest level of confidentiality designation in the filename and the accompanying production slip sheet.

3. Testimony taken at a deposition may be designated as Confidential Material by making a statement to that effect on the record at the deposition or by serving such designations within 30 days after receipt of the transcript of the deposition

in which the designations are made. All deposition transcripts shall be treated as Highly Confidential for 30 days following receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as Confidential Material or Highly Confidential Material, and to label such portions appropriately.

4. Discovery Materials designated as Confidential Material under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from such Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this Action, and for no other purpose.

5. All references to "Party," "Receiving Party," or "Producing Party" as used throughout this Order are intended to include non-parties. Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within 14 days, the non-party either request the protection of this Protective Order or notify the issuing Party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a Party (including the clerks, employees, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such counsel), and to the "qualified persons" designated below:

    a) a Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action;

    b) individual experts, consultants, or expert consulting firm (together with their clerical staff) retained by counsel of record in this Action to assist in the prosecution, defense, or settlement of this Action to the extent necessary for the individual expert, consultant, or expert consulting firm

to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual expert, or to members, partners, employees, or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the written assurance attached as Attachment A on behalf of any Designated Expert Personnel associated with that firm; and (iv) absent notice and consent of Toyota, the individual expert and each of the Designated Expert Personnel is not a current or former (within the past three years from the date of this Order) employee of any party or any entity which directly competes with, or is a direct seller to, the Defendant;[1]

c) court reporter(s), stenographers, outside copying services, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel employed in this Action;

d) a witness at any deposition or other proceeding in this Action;

e) any person (i) who created, authored, received, or reviewed such Confidential Material; (ii) is or was a custodian of the Confidential Material; (iii) is identified on such Confidential Material; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Confidential Material; and

---

[1] Retention in this Action shall not qualify a potential expert as an employee of a party or any entity which directly competes with, or is a direct seller to, the Defendant.

   f) any other person as to whom the Parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person"—except those listed in Paragraph 6(e) above—shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be retained by counsel for the Party sharing Confidential Material. In the event a witness under Paragraph 6(d) refuses to sign Attachment A, he or she may be shown Confidential Material at a deposition or other proceeding only after, on the record of the deposition: stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential Material to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court." Counsel for the Party sharing Confidential Material shall also retain a list of Confidential Material shared with any "qualified person" listed under Paragraphs 6(a), (b), (d), and (f).

  7. Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or their contents may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part, only to the Court, to counsel for a Party (including the clerks, employees, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such counsel), and to the persons identified and conditions set forth in Paragraphs 6(b), (c), (e), and (f), and:

   a) A Plaintiff, but only if the Highly Confidential Material is included in a Court filing, hearing, or deposition (or if Plaintiffs' Counsel otherwise seek permission to disclose the material to the Plaintiffs), and if the Producing Party has not objected to the disclosure within 7 days of the Court filing, hearing, deposition, or request to disclose. Plaintiffs' Counsel shall have the right to seek Court intervention to resolve objections as to this provision. This provision has no effect on a Party's

obligation to file Covered Information under seal, as set forth in Paragraph 14 below.

b) Members of the in-house legal departments for the Parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; or

c) Any person who (1) (a) created, authored, received, or reviewed such Highly Confidential Material, (b) is or was a custodian of the Highly Confidential Material, or (c) is identified on such Highly Confidential Material; and (2) has signed Attachment A as described in Paragraph 6.

8. Only qualified persons may attend depositions at which Confidential Material is used or discussed.

9. A Party objecting to the designation of any material as Confidential or Highly Confidential shall do so in good faith, and shall give written notice to the Designating Party, identifying the documents subject to the objection by Bates number and the basis for the objection to each such document. Upon receipt of the written objection, counsel for the Designating Party shall, within 14 days, provide a written response to the objecting Party explaining the basis for the designation. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party and the Designating Party cannot resolve their dispute through such meet and confer discussions, within 21 days after the Parties have reached an impasse after meet and confer efforts, the Designating Party shall file and serve a motion to retain confidentiality pursuant to the Local Rules. The Designating Party has the burden of establishing that the document is entitled to protection. Any material so designated shall remain Confidential or Highly Confidential, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise. In the event the Court rules that the challenged material is not Confidential or Highly Confidential, the Designating Party

shall reproduce copies of all materials so designated without Confidential or Highly Confidential label within 14 days.

10. If at any time prior to the trial of this Action a Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Highly Confidential," the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate "Confidential" or "Highly Confidential" designation as described above. The designated documents or material will thereafter be treated as "Confidential" or "Highly Confidential" pursuant to this Order. Upon receipt of such designation in writing and re-production of the material with the "Confidential" or "Highly Confidential" stamp, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the protected status of the newly designated "Confidential" or "Highly Confidential" Materials, and to retrieve the newly designated "Confidential" or "Highly Confidential" Materials from any person who is not permitted by this Order to have the Covered Information.

11. No Party receiving Covered Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

12. The failure to designate Discovery Material does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the disclosure, with the effect that such Discovery Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that

the Covered Information has been marked with the appropriate confidentiality legend by the Producing Party.

13. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this Action, whether or not such material is also obtained through discovery in this Action, or from disclosing its own Covered Information as it deems appropriate.

14. If Covered Information, including any portion of a deposition transcript designated as Confidential or Highly Confidential, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

15. If any Party has obtained Covered Information under the terms of this Order and receives a request to produce such Covered Information by subpoena or other compulsory process commanding the production of such Covered Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information. Such notification shall include a copy of the subpoena or other order. The Party on which the subpoena or other order was served shall promptly notify in writing the party/person/entity who caused the subpoena or other order to issue that some or all of the material covered by the subpoena or other order is subject to this Order, and shall cooperate with respect to all reasonable procedures sought or pursued by the Producing Party whose Confidential or Highly Confidential Materials may be affected.

16. This Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or

information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this Action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

18. Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to:

   a) Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Covered Information under this Order;

   b) An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending, provided it can be generated in the ordinary course of business;

   c) Any Covered Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (*e.g.*, laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected

and/or encrypted with access limited to persons entitled to access Covered Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level;

d) The Receiving Party should take reasonable steps to maintain Covered Information in paper format in a private location with access limited to persons entitled to access Covered Information under this Order; and

e) Summaries of Covered Information, including any lists, memorandum, indices, or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information;

f) If the recipient of Covered Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

g) If the Receiving Party discovers a breach of security[2] relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48

---

[2] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of Covered Information by or to an unauthorized person or by an authorized person in an unauthorized manner; and/or (ii) the loss, theft, or hacking of a device containing Covered Information.

hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and take reasonable and appropriate steps to make sure the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach as it concerns the Covered Information produced in this litigation. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. Nothing in this provision requires a Receiving Party to breach attorney-client privilege or waive attorney work-product or any other applicable privilege or protection.

19. This Order shall survive the final termination of this Action, to the extent that the information contained in Confidential or Highly Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this Action, counsel for the Parties shall assemble and return to each other all documents, material, and deposition transcripts designated as Confidential or Highly Confidential Material and all copies of same, or shall certify the destruction thereof. Notwithstanding this provision, Counsel may retain all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and other documents filed with the Court that refer to or incorporate Covered Information, provided that any such archival copies that contain or constitute Covered Information remain subject to this Protective Order. Further, attorney work-product materials that contain Covered Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

20. Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor

shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**STIPULATED AND AGREED TO on May 15, 2023.**

       **BLEICHMAR FONTI AND AULD LLP**

       By: /s/ *Lesley E. Weaver*
       Lesley E. Weaver (SBN 191305)
       lweaver@bfalaw.com
       Joshua D. Samra (SBN 313050)
       jsamra@bfalaw.com
       555 12th Street, Suite 1600
       Oakland, CA 94607
       Telephone: (415) 445-4003
       Facsimile: (415) 445-4020

       **EDELSBERG LAW, P.A.**
       Scott Edelsberg (SBN 330990)
       scott@edelsberglaw.com
       1925 Century Park E #1700
       Los Angeles, California 90067
       Telephone: (310) 438-5355

       **KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
       Kristen Lake Cardoso (SBN 338762)
       cardoso@kolawyers.com
       Jeff Ostrow (admitted *pro hac vice*)
       ostrow@kolawyers.com
       One West Las Olas, Suite 500
       Fort Lauderdale, FL 33301
       Telephone: (954) 525-4100
       Facsimile: (954) 525-4300

       **GORDON & PARTNERS, P.A.**
       Steven G. Calamusa (admitted *pro hac vice*)
       scalamusa@fortheinjured.com
       Geoff S. Stahl (admitted *pro hac vice*)

gstahl@fortheinjured.com
Rachel A. Bentley (admitted *pro hac vice*)
rbentley@fortheinjured.com
4114 Northlake Boulevard
Palm Beach Gardens, FL 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050

**LAW OFFICE OF DENNIS O. COHEN, PLLC**
Dennis O. Cohen (admitted *pro hac vice*)
dennis@denniscohenlaw.com
157 13th Street
Brooklyn, NY 11215
Telephone: (646) 859-8855

*Attorneys for Plaintiffs and the Proposed Classes*


By: /s/ *Vincent Galvin*
Vincent Galvin
**Bowman and Brooke LLP**
Vincent.galvin@bowmanandbrooke.com
1741 Technology Drive, Suite 200
San Jose, CA 95110

Kevin Minnick
**Spertus Landes & Josephs LLP**
kminnick@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, CA 90017

*Attorneys for Defendant*
*Toyota Motor Sales, U.S.A., Inc.*

13

STIPULATED AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL TREATMENT OF DISCOVERY MATERIALS

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the e-filing counsel attests that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in the filing's content, and have authorized the filing.

Dated: May 15, 2023                    /s/ Lesley E. Weaver
                                        Lesley E. Weaver

**IT IS SO ORDERED.**

DATED: _____       _____
                                              Honorable Percy Anderson
                                        UNITED STATES DISTRICT JUDGE

STIPULATED AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL TREATMENT OF DISCOVERY MATERIALS

## Attachment A

### Nondisclosure Agreement

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated and [Proposed] Protective Order Concerning Confidential Treatment of Discovery Materials entered in *Elliot Nazos, et al. v. Toyota Motor Sales, U.S.A., Inc.*, United States District Court for the Central District of California, Civil Action No. CV 2:22-cv-02214-PA(Ex), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED: _____   _____
                                                [Name of Signator Typed]

STIPULATED AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL TREATMENT OF DISCOVERY MATERIALS